Filed 10/10/23  In re Luis M. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re LUIS M. et al., Persons Coming Under the Juvenile Court Law. | B318632 |
| | (Los Angeles County Super. Ct. No. 21CCJP03959B-E) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Appellant. | |
| v. | |
| LUIS M., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Nancy Ramirez, Judge.  Dismissed.

Cristina Gabrielidis, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica S. Mitchell, Senior Deputy County Counsel, for Plaintiff and Appellant.

---

## INTRODUCTION

Luis M. (Luis Sr.), father of minor children Luis M., Katelynn M., Julian M., and Alexa M., appeals from the juvenile court's February 18, 2022 jurisdiction findings and disposition orders declaring his four minor children dependents of the court, removing them from him and placing them with their mother with monitored visits, and ordering him to complete a drug and alcohol program and sex abuse awareness counseling. The juvenile court sustained a petition under Welfare and Institutions Code section 300, subdivisions (b)(1), (d) and (j),[1] finding that: (1) Katelynn was sexually abused by a neighbor in Luis Sr.'s presence while Luis Sr. was sleeping after becoming intoxicated; (2) Luis Sr. stated he was diabetic and was aware that he gets intoxicated quickly by alcohol; (3) Luis Sr. should have known that his intoxication would disable him from the ability to protect Katelynn; and (4) Katelynn's abuse and her parents' failure to protect put her siblings at substantial risk of being abused and neglected. The juvenile court dismissed additional allegations under section 300, subdivision (b)(1), that Luis Sr. currently abused methamphetamine and amphetamine, rendering him incapable of providing regular care for the

---

[1] Further statutory references are to the Welfare and Institutions Code.

2

children, because there was no established nexus between his use of methamphetamine and his ability to protect the children.

While this appeal was pending, on May 19, 2023 the juvenile court held a review hearing under section 364 and terminated its jurisdiction with orders terminating family preservation services and releasing the minor children to both parents. Luis Sr. did not appeal from these orders, nor did the Los Angeles County Department of Children and Family Services (Department).

Because we cannot provide Luis Sr. any effective relief—that is, relief that "can have a practical, tangible impact on the parties' conduct or legal status" (*In re D.P.* (2023) 14 Cal.5th 266, 277)—we conclude his appeal is moot. In addition, after considering the factors the Supreme Court identified in *In re D.P.*, we decline to exercise our discretion to consider Luis Sr.'s moot appeal on its merits. The Department conceded its cross-appeal was moot and does not ask for discretionary review. Accordingly, we dismiss the appeal and the cross-appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Luis Sr. and Sandra B. are the parents of minor children Luis (born March 2010), Katelynn (born November 2011), Julian (born January 2016), and Alexa (born October 2018).[2] A prior referral to the Department in December 2012 alleged the parents emotionally abused and neglected their children, and that Luis sustained injuries falling off a bicycle while not properly

---

[2] Sandra's older daughter Karla M. (born October 2003) was named in the relevant petition but turned 18 years old during the juvenile court proceedings and is not a subject of this appeal.

supervised. Those allegations of emotional abuse and neglect were deemed inconclusive.

In July 2021 the Department received a referral alleging that Sandra neglected Katelynn and that a neighbor of the family, Renee L., had sexually abused nine-year-old Katelynn in October 2020. According to the police report and social worker interviews, Katelynn stated her parents had been drinking with Renee most of the night, and Luis Sr. had "passed out" at an outdoor table at their home. Katelynn was sitting next to her intoxicated father "comforting him," when Renee sat down beside her and began feeling her body and touching her breasts and private area, stopping whenever her mother came into the room, then Renee began kissing Katelynn's face. Sandra returned to the room and observed Renee kissing Katelynn and fondling her; she slapped Renee and told him to leave. Sandra did not inform Luis Sr. of the abuse until July 2021 because she feared he would act violently toward Renee, and she continued to permit Renee to attend family gatherings but did not leave Katelynn unsupervised with Renee. When Luis Sr. finally learned what had occurred, he immediately reported it to the police.

In August 2021 the Department filed a section 300 petition on behalf of Karla, Luis, Katelynn, Julian, and Alexa alleging the minors needed the protection of the juvenile court based on Katelynn being sexually abused by Renee, Sandra's failure to protect the child by allowing Renee to frequent the home despite knowing he had sexually abused Katelynn, and Luis Sr.'s failure to protect the child because he was intoxicated during the sexual abuse. The petition further alleged Luis Sr. was a current abuser of methamphetamine and amphetamine, which rendered him incapable of providing regular care and supervision of the

4

children; on prior occasions, he was under the influence of alcohol and intoxicated while the children were in his care and supervision; he had a criminal history of an arrest for possession/transport of a controlled substance; and Sandra failed to protect the children from his substance abuse.

The juvenile court ordered the children detained from Luis Sr. with monitored visitation and released the children to Sandra. In doing so, the court noted with regard to the sexual abuse that "the background of this event was that father was passed out drunk and his nine-year-old daughter [Katelynn] was outside taking care of him when the event occurred." The court stated, "I think it's pretty clear that an important issue, if not the most important issue in this case, is father's drinking and drug use. Also, obviously making sure that this child is protected from anything similar ever happening again, and the child receives some support to help her deal with what did happen back in October [2020]."

On February 18, 2022 the juvenile court held a combined jurisdiction and disposition hearing, declared the children dependents of the court under section 300, and sustained the petition on the sexual abuse-related counts under section 300, subdivisions (b)(1), (d), and (j), as pleaded. For each subdivision, the court sustained the same allegation, as follows: "On a prior occasion in October 2020, the child Katelynn M[.] was sexually abused by Renee L[.], . . . the unrelated adult male fondled the child's breast, kissed the child's face and lips, while the unrelated adult male placed his hands on the child's lap. The children's mother Sandra B[.], knew of the sexual abuse of the child Katelynn by the unrelated adult male and failed to protect the child in that mother continued to allow the unrelated adult male

5

to frequent the home and [have] unlimited access to the child. The child's father Luis M[.] failed to protect the child as the father was intoxicated during the sexual abuse of the child Katelynn by the unrelated adult male. The sexual abuse of the child Katelynn by the unrelated adult male and the mother and father's failure to protect the child Katelynn, endangers the child's physical health and safety and places the child, and the child's siblings, Karla M[.], Luis M[.], Katelynn M[.], Julian M[.] and Alexa M[.], at risk of serious physical harm, damage, danger, sexual abuse, and failure to protect."

The juvenile court dismissed the counts related to Luis Sr.'s substance abuse and Sandra's failure to protect the children from his substance abuse under section 300, subdivisions (b)(1) and (j). The court concluded the Department "has not established a nexus between [Luis Sr.'s] use of methamphetamine and his ability to protect the children. The court notes that it also mentioned that [Luis Sr.] was under the influence of alcohol while the children were in his care at the time of the sex abuse incident; however, the court has sustained count b-1 with regard to that. The court is finding no nexus between [Luis Sr.'s] drug use and placing the children at risk of harm."

The juvenile court ordered the children removed from Luis Sr. and released to Sandra with monitored visitation and family maintenance services. The court ordered Luis Sr. to complete a full drug and alcohol program with aftercare; random or on-demand testing every other week; a 12-step program with a court card and sponsor; a developmentally appropriate parenting program; sex abuse awareness counseling; individual counseling; and a psychological evaluation.

Luis Sr. timely appealed from the juvenile court's jurisdiction findings and disposition orders with respect to Katelynn, Luis, Julian, and Alexa.  The Department cross-appealed from the same findings and orders, contending the petition should also have been sustained as to Luis Sr.'s substance abuse.

While these appeals were pending, on May 19, 2023 the juvenile court held a review hearing under section 364 and terminated its jurisdiction with orders terminating family preservation services and releasing the minor children to both parents.  No party appealed from these orders.

## DISCUSSION

A.      *The Mootness Doctrine in Dependency Appeals*

"A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"'" (*In re D.P., supra,* 14 Cal.5th at p. 276.)  In dependency cases, the reviewing court decides on a case-by-case basis whether subsequent events in a juvenile dependency matter render a case moot and whether the court's decision would affect the outcome of a subsequent proceeding.  (*Ibid.*)

A dependency case becomes moot when events ""'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.'"'" (*In re D.P., supra,* 14 Cal.5th at p. 276; see *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["the critical factor in considering whether a dependency appeal

7

is moot is whether the appellate court can provide any effective relief if it finds reversible error"].)  To show the reviewing court can provide effective relief, the appellant first "must complain of an ongoing harm.  Second, the harm must be redressable or capable of being rectified by the outcome [the appellant] seeks." (*In re D.P.*, at p. 276.)

In *In re D.P., supra,* 14 Cal.5th 266, the Supreme Court explained that "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.]  It follows that, to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from a change in legal status.  Although a jurisdictional finding that a parent engaged in abuse or neglect of a child is generally stigmatizing, complaining of 'stigma' alone is insufficient to sustain an appeal.  The stigma must be paired with some effect on the plaintiff's legal status that is capable of being redressed by a favorable court decision."  (*Id.* at p. 277.)  Example of non-moot cases include where a jurisdiction finding affected parental custody rights, curtailed a parent's contact with his or her child, or resulted in disposition orders that continued to adversely affect a parent.  (*Id.* at pp. 277-278.)  The Court held "speculative future harm" is not sufficient to avoid mootness.  (*Id.* at p. 278.) By contrast, "when a parent has demonstrated a specific legal or practical consequence that will be averted upon reversal," then "the case is not moot, and merits review is required."  (*Id.* at p. 283.)

8

"When a parent has not made such a showing, the case is moot, but the court has discretion to decide the merits nevertheless." (*In re D.P., supra,* 14 Cal.5th at p. 283, see *id.* at p. 282 [reviewing court has "'inherent discretion'" to reach the merits of an appeal even where case is moot].) "Because dismissal of an appeal for mootness operates as an affirmance of the underlying judgment or order [citation], such dismissals may "'ha[ve] the undesirable result of insulating erroneous or arbitrary rulings from review'" [citation]." (*Id.,* at p. 285.) A reviewing court decides on a case-by-case basis whether to reach the merits of a moot appeal. (*Id.* at p. 287.)

Courts generally only exercise their discretion to review a moot case "when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination.'" (*In re D.P., supra,* 14 Cal.5th at p. 282.) Dependency appeals, however, are uniquely prone to mootness problems (see *id.* at pp. 284-285 [discussing common factors rendering dependency appeals moot]), and often "[p]arents may appeal an order that is later changed, or jurisdiction over the child may terminate before an appeal is finally resolved, as in this case." (*Id.* at p. 285.) Accordingly, the Supreme Court identified several additional factors reviewing courts may consider (but are not limited to considering) when deciding whether discretionary review of a moot dependency case is warranted. (*Id.* at pp. 284-286.)

Courts may consider, for example, (1) whether the challenged jurisdiction finding could impact current or future dependency proceedings, by influencing a child protective agency's decision to file a new dependency petition or a juvenile

court's determination about whether to order further reunification services. (*In re D.P., supra,* 14 Cal.5th at p. 285.) Reviewing courts, in deciding whether discretionary review is warranted, also may consider (2) "whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct." (*Id.* at pp. 285-286, citing *In re M.W.* (2015) 238 Cal.App.4th 1444, 1452, and *In re L.O.* (2021) 67 Cal.App.5th 227, 237.) The "more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*In re D.P.,* at p. 286.) And, a court may consider (3) "why the appeal became moot." (*Ibid.*) For example, it may serve the interest of justice to review a parent's appeal where a case is moot "because one parent appealed and not the other, but the findings against the parent who has appealed are based on more serious conduct," or "where a parent does not challenge all jurisdictional findings, but only one finding involving particularly severe conduct." (*Ibid.*) "Principles of fairness" also may favor discretionary review of cases rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal." (*Ibid.*)

In deciding whether to exercise their discretion, reviewing courts "should be guided by the overarching goals of the dependency system: 'to provide maximum safety and protection for children' with a 'focus' on 'the preservation of the family as well as the safety, protection, and physical and emotional well-being of the child.'" (See *In re D.P., supra,* 14 Cal.5th at p. 286; see also § 300.2, subd. (a).)

B.      *Luis Sr.'s Appeal Is Moot, as is the Department's Cross-appeal*

In supplemental appellate briefing on the issue of mootness, Luis Sr. does not "complain of an ongoing harm" (*In re D.P., supra,* 14 Cal.5th at p. 276), and concedes his appeal "may have been rendered moot by the termination of jurisdiction" and he "may not demonstrate a specific legal or practical consequence that will be averted upon reversal."

We agree.  Luis Sr.'s appeal from the February 2022 disposition order is moot because the juvenile court's May 2023 orders terminating jurisdiction and family preservation services and releasing the minor children to both parents superseded the disposition order, and the juvenile court did not issue any exit order that continued to impact the parents.  Luis Sr. cannot demonstrate any ongoing harm, nor in any event would any harm be "redressable or capable of being rectified by the outcome [he] seeks" (*In re D.P., supra,* 14 Cal.5th at p. 276), because the orders issued at the May 2023 hearing are now final.  No appeal was taken from these orders terminating jurisdiction and family preservation services and releasing the minor children to Luis Sr. and Sandra, thus we do not have jurisdiction to review and change them or the underlying jurisdiction finding, and "the juvenile court has no jurisdiction to conduct further hearings in the now-closed case." (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 164; accord, *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330 ["where jurisdiction has been terminated and is final. . . . jurisdiction cannot be conferred upon the appellate court"]; see also § 304 [juvenile court has exclusive jurisdiction to hear proceedings regarding custody "until the time that the petition is dismissed or dependency is terminated"]; Cal. Rules of Court,

11

rule 5.620(a) [same].)  We cannot grant Luis Sr. effective relief from an order that no longer affects him, even one based on allegedly erroneous jurisdiction findings.

The Department represented in its letter brief that, "There is no effective relief this Court can provide father and there are no possible future consequences stemming from the initial assumption of jurisdiction that warrant this Court's review. Accordingly, to the extent this Court agrees that father's appeal should be dismissed as moot, the Department's cross-appeal stemming from the underlying appeal would also be moot."  The Department does not request discretionary review of its moot cross-appeal.

C.      *Discretionary Review of Luis Sr.'s Moot Appeal Is Not Warranted*

Luis Sr.'s appeal does not present circumstances that generally warrant discretionary review of a moot case, such as an issue of broad public interest that is likely to recur, the likelihood of a recurrence of the controversy between the parties, or a material question that remains for the court's determination. (See *In re D.P., supra,* 14 Cal.5th at p. 282.)  Nevertheless, Luis Sr. argues other factors warrant our discretionary review, specifically that the jurisdiction "findings against father are egregious and could potentially impact future dependency proceedings against him."

A finding that a parent failed to adequately protect their child from sexual abuse "carries a particular stigma."  (See *In re M.W., supra,* 238 Cal.App.4th at p. 1452.)  And as previously noted, although "stigma alone will not sustain an appeal, a court may consider the nature of the allegations against

12

the parent when deciding whether discretionary review is proper." (*In re D.P., supra,* 14 Cal.5th at p. 286.)  However, dependency jurisdiction by definition necessarily involves conduct harmful to children, and our assessment of severity or perniciousness is a relative analysis, which we undertake in light of the other factors and policy concerns relevant to undertaking discretionary review of a moot appeal.

Luis Sr. relies on two cases cited in *In re D.P., supra,* 14 Cal.5th 266, but these cases do not help him.  First, he argues his case is similar to *In re M.W., supra,* 238 Cal.App.4th 1444.  In that case, the juvenile court sustained jurisdiction on multiple grounds, including the mother's failure to protect her children from a substantial risk of physical and sexual abuse by allowing access to their father, who had a history of domestic violence and, unbeknownst to mother, was a registered sex offender (although there was no allegation he abused their children).  (See *id.* at pp. 1450-1452.)  Mother appealed those jurisdiction findings (conceding findings related to her substance abuse and findings against father) while case proceedings were still active in juvenile court.  (*Id.* at pp. 1446, 1452.)  The appellate court determined her appeal was moot but merits review was warranted because "[t]he findings that mother knowingly or negligently exposed her children to a substantial risk of physical and sexual abuse are pernicious[,]" motivated the juvenile court's ongoing order that she address domestic violence in her individual counseling sessions, and "could potentially impact the current or future dependency proceedings." (*Id.* at p. 1452.)

In *In re M.W., supra,* 238 Cal.App.4th 1444, the mother's appeal was moot—not because the juvenile court terminated jurisdiction and issued exit orders (as in Luis Sr.'s case)—but rather because mother did not contest all jurisdiction findings, and thus the jurisdiction findings would not be reversed regardless of the outcome of her appeal. (*Id.* at p. 1452.) Further, the juvenile court proceedings were still active, and the children were removed from mother, making it more likely that an erroneous jurisdiction finding against her would affect ongoing proceedings and currently operative orders. (*Ibid.*) Our discretion to reach the merits of a moot appeal is more appropriately exercised in situations like *In re M.W.* By contrast, here dependency jurisdiction was terminated in Luis Sr.'s favor, and he was reunified with his family. There is no current proceeding that could be impacted, and Luis Sr. makes no showing or particularized argument regarding how the challenged jurisdiction findings could potentially impact a future dependency proceeding. Further, Luis Sr. will be able to explain in any future dependency or family law proceedings that the juvenile court ultimately released his children to his care, reflecting the judgment that he did not pose a continuing risk to the children.

Second, Luis Sr. cites *In re L.O., supra,* 67 Cal.App.5th 227. There, the juvenile court assumed jurisdiction based on findings against both parents. Only father appealed, challenging the court's findings of failure to protect under section 300, subdivision (b)(1), for risk of harm based on exposure to domestic violence by father, and for sexual abuse or risk of sexual abuse under section 300, subdivision (d), because father exposed his six-year-old son to sexualized behaviors (based on the child

14

observing father having sex with his girlfriend, which the child imitated). (*Id.* at p. 233.) As with *In re M.W.*, the case was moot not because jurisdiction had been terminated, but because only father appealed and did not contest the jurisdiction findings against mother. Proceedings were also ongoing in the juvenile court, and the son was removed from parental custody. (*Id.* at p. 236.) The appellate court exercised its discretion to review the jurisdiction findings there because such findings "'could potentially impact the current or future dependency proceedings,'" and "[t]he jurisdictional findings are also the basis for the dispositional order that Father challenges on appeal." (*Id.* at pp. 237-238.) Again, Luis Sr.'s case does not present such circumstances.

We recognize this is also a case that was rendered moot by Luis Sr.'s ultimate compliance with the case plan, eventually resulting in the termination of jurisdiction and return of the children to both parents. (See *In re D.P., supra*, 14 Cal.5th at p. 286 ["It would perversely incentivize noncompliance if mootness doctrine resulted in the availability of appeals from jurisdictional findings only for parents who are less compliant or for whom the court has issued additional orders."].) However, while expeditious compliance may favor discretionary review, Luis Sr. makes no argument his compliance was prompt.

Therefore, on balance the factors the Supreme Court identified in *In re D.P., supra,* 14 Cal.5th 266, do not warrant discretionary review of Luis Sr.'s moot appeal.

15

## DISPOSITION

The appeal filed by Luis Sr. is dismissed as moot, and the cross-appeal of the Department is also dismissed as moot.


MARTINEZ, J.

We concur:



PERLUSS, P. J.



SEGAL, J.